IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL DEWAYNE THIBODEAUX, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-1981-S (BT) |
| | § | |
| BRAD LIVINGSTON and LORIE | § | |
| DAVIS, *Director*, TDCJ, | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Paul Thibodeaux has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the petition should be transferred to the Fifth Circuit Court of Appeals as successive.

I.

In 2008, Thibodeaux pleaded guilty to aggravated robbery with a deadly weapon and was sentenced to 15 years' imprisonment. *State v. Thibodeaux*, No. F-0856041-J (3rd Crim. Dist. Ct., Dallas County, Tex., Nov. 11, 2008). Thibodeaux then unsuccessfully challenged his conviction in state and federal habeas corpus proceedings. *See Thibodeaux v. Davis*, No. 3:16-CV-2149-M, 2017 WL 6761923, at *1 (N.D. Tex. Aug. 31, 2017), *rec. accepted*, 2017 WL 6761768 (N.D. Tex. Sept. 18, 2017) (summarizing state procedural history and denying federal habeas relief); *Thibodeaux v. Davis*, No. 3:19-CV-541-L-BN (N.D. Tex. 2019) (transferring successive federal habeas petition), *denying authorization to file*, No. 19- 10585

1

(5th Cir. Jul. 10, 2019). Here, Thibodeaux again challenges his aggravated robbery conviction. He argues he received ineffective assistance of counsel and was denied due process. He further argues the claims against him were false, and no deadly weapon was used.

II.

**A.    Nature of Habeas Corpus Action**

Although Thibodeaux filed this petition under § 2241, the Court finds the petition should be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which applies to petitions filed on "behalf of a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a); *see also Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (stating § 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments") (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)). Federal courts have generally interpreted § 2241 as a statutory grant of authority to issue habeas writs, while § 2254 implements that authority with respect to state prisoners. *See Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) (§ 2241 empowers a federal court to grant writs of habeas corpus in general, while § 2254 "applies to 'a person in custody pursuant to the judgment of a State court.'") (quoted case omitted). Because Thibodeaux is in custody pursuant to state court judgment, § 2254 applies to his petition.

**B.      Second or Successive Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive request for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). Generally, a petitioner is not entitled to raise a new claim unless he shows the successive request is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition. Thibodeaux must obtain such an order before he can file another petition for habeas relief under § 2254.

### III.

Thibodeaux's petition for a writ of habeas corpus should be construed as a petition under 28 U.S.C. § 2254, and the petition should be TRANSFERRED to the

3

United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed November 15, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).