IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL DEWAYNE THIBODEAUX,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | No. 3:19-cv-1981-S (BT) |
| BRAD LIVINGSTON and LORIE<br>DAVIS, *Director*, TDCJ,<br>Respondents. | §<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Paul Dewayne Thibodeaux, a state prisoner, filed a motion to reopen this closed habeas corpus case. Mot. (ECF No. 14). For the following reasons, the Court should DENY the motion.

On August 19, 2019, Thibodeaux filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Dallas County aggravated robbery conviction. On January 3, 2020, the Court transferred the petition to the Fifth Circuit Court of Appeals as successive. The next month, on February 11, 2020,[1] Thibodeaux filed this motion to reopen in which he states:

> Reinstate reopen all for correction support overturning error and mistake made in trial courts actual innocence wrongful conviction.

---

[1] On the same date, Thibodeaux filed identical motions to reopen in *Thibodeaux v. Davis*, No. 3:19-cv-541-L (BN) (N.D. Tex.); *Thibodeaux v. Davis*, 3:19-cv-1980-B (BK) (N.D. Tex.); *Thibodeaux v. Davis* 3:16-cv-2149-M (BT) (N.D. Tex.); and *Thibodeaux v. Fawcett*, No. 3:15-cv-1124-K (BT) (N.D. Tex.).

Mot. 1. He also raises medical care claims stating, "hospital misdiagnosis and operated made a (sic) intentionally infected me with HIV/AIDS used unclean needle stick[.]" *Id.*

To the extent Thibodeaux seeks to reopen this case to challenge his conviction, he must first obtain permission to file a successive petition from a panel of the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Further, to the extent he seeks to raise a civil rights claim challenging his medical care, this claim is not cognizable under § 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody). Therefore, the Court should DENY the motion to reopen.

SO RECOMMENDED.

April 6, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).